**IN THE COURT OF APPEALS OF IOWA**

No. 14-0978
Filed August 27, 2014

**IN THE INTEREST OF S.J. and J.H.,**
 **Minor Children,**

**A.J., Mother,**
 Appellant.
_____

  Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.


  A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


  Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant.

  Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Edward W. Bull, County Attorney, for appellee.

  Jessica Millage of Millage Law Firm, P.C., Des Moines, for father.

  Jared Harmon of Carr & Wright Law Firm, Des Moines, attorney and guardian ad litem for minor children.


  Considered by Danilson, P.J., and Vogel and Bower, JJ.

**BOWER, J.**

A mother appeals the termination of her parental rights to her children. She contends the State failed to make reasonable efforts to reunify her with the children and the juvenile court should have granted her additional time to allow for return of the children. Because we find the evidence supports termination of the mother's parental rights, and there is no reason to believe additional time would result in reunification, we affirm.

**Background Facts and Proceedings**

This appeal concerns two children—J.H., born in 2008, and S.J., born in 2012. The children were removed from the mother's care in February 2013 amid allegations of instability in the home and the mother's methamphetamine use. The mother consented to the removal.

The State filed a petition seeking to adjudicate the children in need of assistance (CINA). In its April 10, 2013 order, the juvenile court found the mother's substance abuse issues substantially interfered with her ability to care for the children. The children were adjudicated CINA pursuant to Iowa Code sections 232.2(6)(c)(2) and 232.2(6)(n) (2013).

At a May 2013 dispositional hearing, it was reported the mother was non-compliant with services, continued to have unstable housing, and failed to show up for planned visits with the children. By September 2013, the mother had entered Hope House, a long-term substance abuse program, but left before successfully completing the program. She then began Family Treatment Court, which requires drug tests several times per week.

The State filed a petition to terminate the mother's parental rights on January 9, 2014, and a termination hearing was held on March 26, 2014. On May 29, 2014, the juvenile court terminated the mother's parental rights to J.H. pursuant to Iowa Code sections 232.116(1)(d), (f), and (*l*), and to S.J. pursuant to section 232.116(1)(d), (h), and (*l*). The mother filed a timely notice of appeal.

**Scope and Standard of Review**

We review termination of parental rights proceedings de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). While we are not bound by the juvenile court's fact-findings, we do give them weight, especially when assessing witness credibility. *Id.*

We will uphold a termination order if clear and convincing evidence supports the grounds for termination under Iowa Code section 232.116. *In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011). Evidence is "clear and convincing" where there are no "serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence." *Id.*

**Analysis**

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (f), (h), and (*l*). The mother does not raise specific objections to any of these provisions, but generally claims the State failed to make reasonable efforts to reunite her with the children and disagrees with the court's refusal to allow additional time for return of the children.

A challenge to the sufficiency of the State's efforts to reunite parents with their children should be raised when the services are offered. *In re L.M.W.*, 518

N.W.2d 804, 807 (Iowa Ct. App. 1994). The mother fails to state where in the record she made a request for additional services,[1] and our review discloses no such request was made. She has thereby waived any error. *See id.*

Upon our de novo review of the record, we agree with the assessment of the juvenile court. The mother's continued inability to resolve her drug use places the children in danger. The mother has been given several opportunities to address her methamphetamine use, but failed drug tests in August 2013 and again in March 2014, just weeks before the termination hearing, indicate a lack of responsibility for her actions and disregard for the well-being of her children. We give particular weight to the juvenile court's assessment that although the mother often says the right thing, her actions have not matched her words. The mother did testify to her bond with the children; however, her continued drug use since the children were removed from her care indicates additional time would not rectify the problems or allow for the permanent return of the children. *See In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981) (noting a parent's past behavior is an important factor in determining what the future holds for a child if returned to the parent's care and custody). Further, "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be

---

[1] In her brief, the mother states error was preserved by the filing of the notice of appeal. "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted) (explaining that "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court").

forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998).

Because granting the mother additional time is contrary to the children's best interests, we affirm.

**AFFIRMED.**